**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   Criminal Action No. 1:14-cr-76 |
| | ) |
| **ALPHONSO STODDARD** | ) |

**MEMORANDUM OPINION**

Defendant Alphonso Stoddard, a self-described professional bank robber, was convicted and sentenced in 2014 to a mandatory term of life imprisonment under 18 U.S.C. § 3559(c)(1), to be followed by the then-mandatory 75-year consecutive term of imprisonment for three convictions under § 924(c)(1)(A) and (C), thus amounting to a total term of imprisonment of Life Plus 75 years. The Fourth Circuit affirmed Defendant's conviction on appeal and Defendant's subsequent § 2255 Petition was denied.[1]

At issue now is Defendant's *pro se* motion seeking sentence reduction pursuant to § 3582(c)(1)(A).[2] In support of his motion, Defendant, currently housed at USP Atwater, a high security prison, contends that there are "extraordinary and compelling circumstances"[3] warranting his early release from prison, namely,

> (1) that Defendant's Life Plus 75-year consecutive sentence is unduly harsh, even though this sentence was the then-required mandatory minimum sentence; and

---

[1] *See United States v. McNeal & Stoddard*, 818 F.3d 141, 157 (4th Cir. 2016) (affirming Defendant's conviction on direct appeal); *see also United States v. Stoddard*, 719 F. App'x 303, 304 (4th Cir. 2018) (declining to issue certificate of appealability following the denial of Defendant's § 2255 Petition).

[2] Defendant also seeks appointment of counsel in connection with his § 3582(c)(1)(A) motion. Appointment of counsel is unnecessary here because the parties' briefly adequately states the existing law and the pertinent facts. Moreover, as "every federal court of appeals to address the issue has agreed[,] there is no constitutional (or statutory) right to appointed counsel in 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).

[3] 18 U.S.C. § 3582(c)(1)(A).

> (2) that Defendant, though fully vaccinated to protect against COVID-19, is particularly susceptible to negative health outcomes if he contracts COVID-19 due to his age (66) and medical conditions (hypertension and hepatitis C).

The government opposes a sentence reduction, arguing in relevant part:

> (1) that although Defendant's 75-year consecutive sentence under § 924(c) might possibly be reduced due to a subsequent change in law, there is no basis to reduce Defendant's still-mandatory life sentence under § 3559(c)(1), and thus Defendant's Motion for Sentence Reduction is largely an academic exercise; and

> (2) that Defendant is not entitled to a sentence reduction based on COVID-19 because he has been vaccinated since February 2021.

For the reasons set forth herein, Defendant's Motion for Sentence Reduction must be granted in part and denied in part. Specifically, Defendant's Motion for Sentence Reduction must be granted insofar as Defendant's 75-year consecutive sentence for Counts 3, 5, and 7 under § 924(c)(1)(A) and (C) is appropriately reduced to time served in light of Section 403(b) of the First Step Act and *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). As a result, Defendant's total term of imprisonment will be reduced from <u>Life Plus 75 years</u> to a term of <u>life imprisonment</u>. Defendant's Motion for Sentence Reduction must be denied in all other respects. There is no persuasive reason to reduce Defendant's term of imprisonment below life imprisonment. Nothing about COVID-19 warrants this further reduction in Defendant's sentence, as Defendant has been vaccinated to protect against COVID-19. Nor does the mere length of Defendant's life sentence under § 3559(c)(1) warrant further reduction in Defendant's sentence, for § 3559(c)(1)'s mandatory minimum life sentence, applicable here on Counts 2, 4, and 6, still remains in effect today and was not amended by the First Step Act or *McCoy*. Separately, the § 3553(a) factors make clear that a life sentence is the appropriate sentence here.

**I.**

Analysis of Defendant's Motion for Sentence Reduction properly begins with the Presentence Investigation Report's ("PSR") summary of Defendant's criminal history and offense conduct. Defendant, a self-described professional bank robber, committed his first bank robbery at age 19, and for this bank robbery was sentenced by the U.S. District Court for the District of Columbia to 10 years imprisonment pursuant to now-repealed Federal Youth Corrections Act, 18 U.S.C. § 5010. *See* PSR ¶ 58 (Dkt. 247).[4] At age 20, Defendant committed a second bank robbery, and for this bank robbery was sentenced by the U.S. District Court for the District of Columbia to 5 to 15 years imprisonment. *See id.* ¶ 59. Defendant was released from prison in 1992, and in 1997, Defendant, now age 43, committed a third bank robbery, this time in the Eastern District of Virginia. *See id.* ¶ 62. For this third bank robbery, Judge Brinkema sentenced Defendant to 160 months' imprisonment. *See id* ¶ 62. Defendant completed this sentence in May 2010 but served an additional 1 year in prison after using and packaging drugs and thus violating his conditions of supervised release. *See id.* Defendant completed this additional 1 year of imprisonment in August 2011. *See id.*[5]

Following his release from prison in August 2011, Defendant, now age 59, committed the instant offenses for which he is now sentenced. Specifically, between October 29, 2013 and December 31, 2013, Defendant, James McNeal, and James Link, armed themselves and together robbed four different commercial banks in the D.C. Area. *See* PSR ¶¶ 8–17. An FBI SWAT team arrested Defendant and his two co-conspirators after the December 31, 2013 robbery. During a

---

[4] According to the PSR, Defendant attributes the start of his criminal conduct to his drug addiction, which began at age 14 and has largely continued since that time. *See* PSR ¶¶ 14, 80. Additionally, Defendant has been diagnosed with bipolar disorder. *See id.* ¶ 79. Although these facts do not excuse Defendant's criminal conduct, they do provide the required factual basis to reduce Defendant's Life Plus 75-year consecutive sentence to a term of life imprisonment. *See United States v. McCoy*, 981 F.2d 271, 286 (4th Cir. 2020) (explaining that, to grant a motion for sentence reduction under § 3582(c)(1)(A) based on the changes to the sentencing regime under § 924(c)(1)(C), the district court must also rely on the defendant's individual circumstances).

[5] The PSR indicates that none of Defendant's prior convictions is an § 924 conviction.

3

subsequent interview with the FBI, Defendant admitted that he was a professional bank robber.[6]

On February 27, 2014, an Indictment issued charging Defendant and his two co-conspirators with:

> (1) conspiracy, a violation of 18 U.S.C. § 371 ("Count 1");
>
> (2) three counts of armed bank robbery, a violation of 18 U.S.C. §§ 2113(a)-(d) and 2 ("Counts 2, 4, 6"); and
>
> (3) three counts of brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Counts 3, 5, 7").

Defendant contested the charges and proceeded to trial. On August 8, 2014, following a four-day trial, a jury convicted Defendant on all seven counts. On November 7, 2014, Defendant was sentenced to:

> (1) 60 months' imprisonment on Count 1;
>
> (2) the mandatory term of life imprisonment on Counts 2, 4, and 6, as required by § 3559(c)(1); and
>
> (3) three separate 25-year consecutive sentences on Counts 3, 5, and 7, for a total 75-year consecutive sentence, based on the then-mandatory "sentence stacking" doctrine in § 924(c)(1)(C).

The Fourth Circuit affirmed Defendant's conviction on appeal and Defendant's subsequent § 2255 Petition was denied.[7] On March 24, 2021, Defendant filed the instant *pro se* Motion for Sentence Reduction arguing (1) that Defendant's Life Plus 75-year consecutive sentence, driven by mandatory minimums, is unduly harsh and (2) that Defendant, though fully vaccinated to protect against COVID-19, is particularly susceptible to negative health outcomes if he contracts COVID-19 due to his age (66) and medical conditions (hypertension and hepatitis C). The

---

[6] *See McNeal*, 818 F.3d at 147 (summarizing trial evidence, including Stoddard's admission to the FBI "that he was a professional bank robber").

[7] *See McNeal*, 818 F.3d at 157 (affirming Defendant's conviction on direct appeal); *see also Stoddard*, 719 F. App'x at 304 (declining to issue certificate of appealability following the denial of Defendant's § 2255 Petition).

government argues that neither argument presents the required "extraordinary and compelling circumstance" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)

## II.

As a preliminary matter, the parties agree that Defendant has fully exhausted his administrative remedies, and therefore that Defendant's Motion for Sentence Reduction is now ripe for disposition. The legal standard for evaluating such motions is well settled. Simply put, a defendant seeking a sentence reduction under § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling circumstances" warranting a sentence reduction and (2) that analysis of the § 3553(a) factors counsels that a sentence reduction is appropriate as a matter of judicial discretion. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Sprague*, 838 F. App'x 775, 775–76 (4th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). Decision on whether or not to grant a sentence reduction under § 3582(c)(1)(A) is reviewed for abuse of discretion. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021).

### A.

For the first part of this two-part test, Defendant argues that there are two separate "extraordinary and compelling circumstances" warranting a sentence reduction: (1) the nature of Defendant's Life Plus 75-year consecutive sentence and (2) COVID-19, in light of Defendant's age and underlying health problems. 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, Defendant's first claim provides a basis to reduce Defendant's 75-year consecutive sentence for Counts 3, 5, and 7, but not his sentence of life imprisonment on Counts 2, 4, and 6. Defendant's second claim about COVID-19 does not provide a basis to reduce Defendant's sentence.

To begin with, the nature of Defendant's 75-year consecutive sentence on Counts 3, 5, and 7 is an "extraordinary and compelling circumstance" and thus satisfies the first part of the two-part

test under § 3582(c)(1)(A).  This is so because the First Step Act ended the practice of "sentence stacking," a practice which here was the sole reason for Defendant's three separate 25-year consecutive sentences for Counts 3, 5, and 7 under § 924(c)(1)(C).[8]  Specifically, if Defendant were sentenced today, Defendant would benefit from the First Step Act's changes to the sentencing regime in § 924(c)(1)(C), as the § 924(c)(1)(A) convictions in Count 3, 5, and 7 did not arise from a "separate [prior] case" and thus had not yet "already [] become final" at the time of Defendant's sentencing in 2014.  *McCoy*, 981 F.3d at 275.  Thus, if sentenced today for the same conduct, Defendant would not receive a 75-year consecutive sentence for Counts 3, 5, and 7.  Instead, Defendant would receive time served on these three § 924(c) counts and a life sentence for Counts 2, 4, 6, violations of § 3559(c)(1) and which still carry a mandatory term of life imprisonment.[9]

Importantly, the Fourth Circuit held in *McCoy* that the First Step Act's changes to the sentencing regime in § 924(c)(1)(C) provide an "extraordinary and compelling circumstance" warranting a sentence reduction, so long as the district court also finds that the defendant's "individual circumstances" warrant a corresponding sentence reduction.  *McCoy*, 981 F.3d at 286. And here, they do.  Defendant's individual circumstances simply do not warrant a Life Plus 75-year sentence.  A life sentence on Counts 2, 4, and 6, is sufficient in light of Defendant's history of drug addiction and bipolar disorder; there is no need to impose an additional 75-year sentence

---

[8] *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (internal quotation marks and citations omitted) ("The First Step Act ended this practice, known as sentence 'stacking,' by clarifying that the 25-year mandatory minimum applies only when a prior 924(c) conviction arises from a separate case and already 'has become final." ).

[9] The government argues that, because Defendant is separately serving a life sentence under § 3559(c)(1), any reduction in Defendant's 75-year consecutive sentence is academic, as no reduction to this 75-year consecutive sentence can alter the fact that Defendant will remain in prison for the rest of his life. The government's argument, though interesting, is ultimately misguided.  A district court must fashion a sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing. 18 U.S.C. § 3553(a). By implication, an Order that denies Defendant's motion for sentence reduction necessarily is a judgment that Defendant's current Life Plus 75-year consecutive sentence is "sufficient, but not greater than necessary" to achieve the goals of sentencing. 18 U.S.C. § 3553(a). For the reasons stated *supra*, namely, sentencing disparities and Defendant's individual circumstances, such a sentence is inappropriate.

for Counts 3, 5, and 7. Accordingly, the nature of Defendant's sentence, including his individual circumstances and the need to avoid sentencing disparities, provide an "extraordinary and compelling circumstance" warranting a reduction in his 75-year consecutive sentence for Counts 3, 5, and 7. 18 U.S.C. § 3582(c)(1)(A).[10]

Second, Defendant's Motion for Sentence Reduction must be denied with respect to Defendant's COVID-19 arguments. As numerous courts of appeals have recognized, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 954, 597 (3rd Cir. 2020); *see also United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) (same); *United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (citing *Raia*, 954 F.3d at 597). Thus, district courts within the Eastern District of Virginia have examined whether the defendant

---

[10] There is no persuasive basis to reduce Defendant's term of life imprisonment for Counts 2, 4, and 6. This is so because the mandatory minimum term of life imprisonment for Counts 2, 4, and 6, required by § 3559(c)(1), is still in effect today. Unlike § 924(c)(1)(C), Congress has not subsequently amended § 3559(c)(1) to eliminate the mandatory minimum life sentence in that section. Thus, nothing about Defendant's life sentence for Counts 2, 4, and 6 is extraordinary or compelling in the way contemplated by *McCoy*. Nor is there any separate "extraordinary and compelling" reason here on this record to set aside Defendant's still valid mandatory minimum sentence under § 3559(c)(1). *See, e.g.*, *United States v. Rivera*, -- F. Supp. 3d --, 2020 WL 7550133, at *4 (W.D.N.Y. Dec. 22, 2020) ("caution should be exercised in . . . changing a sentence mandated by Congress."); *United States v. Blanco*, No. 16-cr-408, 2021 WL 706981, at *3 (S.D.N.Y. Feb. 22, 2021) (same).

Seeking to avoid this conclusion, Defendant cites *United States v. Carroll*, No. 4-98-cr-351, 2020 WL 8024485 (E.D. Mo. Sep. 14, 2020) and *United States v. Williams*, No. 3:04-cr-95, 2020 WL 1751545 (N.D. Fla. Apr. 1, 2020), cases where the district court used § 3582(c)(1)(A) to sentence a defendant below the still-operative mandatory minimum sentence. These cases are distinguishable factually as the district courts there found "extraordinary and compelling circumstances" based on COVID-19 and the defendants' far more serious health conditions, not the mere severity of a life sentence under § 3559(c)(1). *See Carroll*, 2020 WL 8024485, at *3; *see also Williams*, 2020 WL 1751545, at *3. Similarly, Defendant's citations to *Dean v. United States*, 137 S. Ct. 1170 (2017) and *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) are also unpersuasive as they are distinguishable. In *Dean*, the Supreme Court merely held that a district court may consider the impact of a "mandatory minimum under 924(c) when calculating an appropriate sentence for the predicate offense." *Id.* at 1178. Thus, *Dean* is irrelevant here because Defendant's conviction under the comparable predicate offense requires a mandatory minimum term of life imprisonment. In *Holloway*, the district judge pressured the U.S. Attorney's Office to agree to vacate two of the Defendant's charges. And here, the government has not agreed to vacate any of Defendant's charges. Defendant's citation to *United States v. Haynes*, 456 F. Supp. 3d 496 (E.D.N.Y. 2020), a case which endorses *Holloway*, is similarly unpersuasive for the same reason and also because the Defendant there, a 23-year-old, was recruited into criminal activity by his much older codefendant. Thus, none of these cases alters the result reached here that a sentence reduction is not appropriate for Counts 2, 4, and 6.

has both (i) a particularized susceptibility to serious health consequences from COVID-19 and (ii) a particularized risk of contracting COVID-19 at his prison facility. *See, e.g.*, *United States v. White*, -- F. Supp. 3d. --, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020); *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. Apr. 10, 2020).

Quite clearly, Defendant cannot establish (i) the required particularized susceptibility to serious health consequences from COVID-19 and (ii) the required particularized risk of contracting COVID-19 at his prison facility, USP Atwater. This is most clearly the case because, generally speaking, a defendant's "vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for the purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021); *see also United States v. Jackson*, No. 3:11-cr-138, 2021 WL 1721427, at *2 (M.D. Tenn. Apr. 30, 2021) ("[V]irtually every district court considering the issue [] has determined that being fully vaccinated . . . precludes a finding of an 'extraordinary and compelling' reason within the meaning of Section 3582(c)(1)(A)").[11] The CDC has made clear that most COVID-19 vaccines are approximately 94% effective and therefore that the risk of infection while vaccinated is low.[12] The fact that new strains of the virus might require a booster shot does not alter this conclusion. Nor does Defendant's age (66), hypertension, or hepatitis C (without mention of hepatic coma) alter

---

[11] *United States v. Smith*, -- F. Supp. 3d -- , 2021 WL 1890770, at *5 (E.D. Cal. May 11, 2021); *United States v. Martinez*, No. 19-cr-5218, 2021 WL 568782, at *2 (S.D. Cal. Mar. 10, 2021) (same); *United States v. Stiver*, No. 17-cr-62, 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021) (same); *United States v. Singh*, -- F. Supp. 3d --, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (same); *United States v. Poupart*, No. 3: 11-cr-116, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Williams*, No. 5:01-cr-12, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Harrison*, No. 4:16-cr-40073, 2021 WL 2021440, at *3 (C.D. Ill. May 20, 2021) (same); *United States v. Pennington*, No. 2:13-cr-111 2021 WL 1976803, at *2 (N.D. Ind. May 18, 2021) (same); *United States v. Lomu*, No. 2:17-cr-335, 2021 WL 1894799, at *2 (D. Utah. May 11, 2021) (same); *United States v. Baeza-Vargaz*, -- F. Supp. 3d --, 2021 WL 1250349, at *4 (D. Ariz. Apr. 5, 2021) (same); *United States v. Burgoon*, No. 07-cr-20072, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021).

[12] *See Benefits of Getting Vaccinated*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last accessed June 9, 2021); *see also Effectiveness of Pfizer-BioNTech and Modern Vaccines Against COVID-19 . . .*, CDC, https://www.cdc.gov/mmwr/volumes/70/wr/mm7018e1.htm (last accessed June 9, 2021).

this conclusion, in large part because of the effectiveness of the COVID-19 vaccine.[13] There is little particularized risk of contracting COVID-19 at USP Atwater, Defendant's facility. Indeed, there are 0 active cases at USP Atwater and 415 of the 946 inmates at USP Atwater have been fully vaccinated to protect against COVID-19.[14] Accordingly, nothing about COVID-19 provides an "extraordinary and compelling circumstance" warranting a sentence reduction.

In sum, the nature of Defendant's 75-year consecutive sentence is an "extraordinary and compelling circumstance" under § 3582(c)(1)(A) and thus provides a basis for a sentence reduction for Counts 3, 5, and 7. This is the only persuasive basis for a sentence reduction. Nothing about COVID-19 or the severity of Defendant's life sentence for Counts 2, 4, and 6 provides a basis for a sentence reduction.

## II.

Because Defendant has provided a sufficient basis to reduce his 75-year consecutive sentence on Counts 3, 5, and 7, it is thus appropriate to proceed to the second part of the two-part test for a sentence reduction. The second part of the two-part test for a sentence reduction under § 3582(c)(1)(A) is whether the § 3553(a) factors warrant a sentence reduction as a matter of

---

[13] *See, e.g.*, *United States v. Moldover*, No. 14-cr-637, 2020 WL 6731111, at *9–10 (E.D. Pa. Nov. 13, 2020) ("District courts have routinely denied motions for compassionate release based on allegations of only potential COVID-19 risk factors, including . . . hypertension."); *United States v. Smith*, No. 20-cr-14, 2021 WL 682067, at *5 (E.D. Va. Feb. 22, 2021) ("Courts have found that certain conditions, including hypertension, generally do not establish a 'particularized susceptibility' to COVID-19 absent evidence that these individuals suffer from other underlying medical conditions."); *United States v. Zemlyansky*, No. 12-cr-171, 2020 WL 3638425, *2 (S.D.N.Y. July 6, 2020) (denying defendant's motion for compassionate release and explaining that hypertension is "a relatively common condition[]."); *United States v. Ocanas*, -- F. Supp. – 3d, 2021 WL 330535, at *4 (D. Minn. Feb. 2, 2021) ("The Court concludes that Ocanas's hepatitis C infection, on its own or in conjunction with his age, does not demonstrate that Ocanas is particularly susceptible to severe illness arising from COVID-19."); *Unitd States v. Moses*, N. 1:99-cr-027, 2020 WL 7480899, at *3–4 (S.D. Ohio. Dec. 18, 2020) (denying sentence reduction to 66-year old defendant with hepatitis-C).

[14] COVID-19, Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed June 9, 2021); *see also* USP Atwater, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/atw/ (last accessed June 9, 2021).

judicial discretion. 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors make clear that Defendant's sentence is appropriately reduced to a life sentence. A sentence of Life Plus 75-years is excessive and therefore does not achieve the goals of sentencing. A sentence of less than life is insufficient to achieve the goals of sentencing. The appropriate sentence is thus a life sentence.

To begin with, a sentence of Life Plus 75 years is inappropriate as it is unnecessary. A sentence of this sort sends the incorrect message that Defendant's criminal conduct is worthy of what amounts to two life sentences. The appropriate sentence—a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing—is a life sentence. This is so in part because that is the mandatory minimum punishment under § 3559(c)(1).[15] Moreover, an independent analysis of the § 3553(a) factors makes clear that a sentence less than life is insufficient to achieve the goals of sentencing. There is clearly a strong need to deter Defendant, a career bank robber, and to impose a sentence that reflects the seriousness of Defendant's decision to rob four different commercial banks in fall 2013. There is also a strong need to protect the public. Defendant's criminal history and offense conduct strongly suggest that, if released, Defendant will rob another bank as he is a professional bank robber. Defendant committed his first bank robbery at age 19 and the instant robberies for which he is sentenced at age 57.[16] Finally, Defendant does not express remorse for his criminal conduct in the instant motion. Accordingly, a life sentence is sufficient but not greater than necessary to achieve the goals of sentencing.

### III.

In sum, Defendant's Motion for Sentence Reduction must be granted insofar as

---

[15] 18 U.S.C. § 3553(a); *United States v. Holton*, 469 F. App'x 265, 267 (4th Cir. 2012) ("[N]o conflict exists between § 3553(a) and the statutorily-mandated sentences.").

[16] *See* 18 U.S.C. § 3582(c)(1)(A)(ii) (sentence reduction inappropriate where the defendant is a "danger to . . . the community.").

Defendant's 75-year consecutive sentence under § 924(c) for Counts 3, 5, and 7 is appropriately reduced to time served in light of Section 403(b) of the First Step Act and *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Defendant's Motion for Sentence Reduction must be denied in all other respects. The appropriate sentence under § 3553(a) for Defendant's criminal conduct is life imprisonment and thus will be reduced from Life Plus 75 years to a term of life imprisonment.

An appropriate Order will issue separately.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, VA
June 9, 2021

/s/
T. S. Ellis, III
United States District Judge